IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:24-cv-584 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| UNITED STATES OF AMERICA, ) | |
| **Serve: Sayler A. Fleming,** ) | |
| **U.S. Attorney's Office for** ) | |
| **Eastern District of Missouri** ) | |
| **111 S. 10th Street, 20th Floor** ) | |
| **St. Louis, MO 63102** ) | |
| ) | |
| -and- ) | |
| ) | |
| ESURANCE PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY ) | |
| **Serve: Registered Agent** ) | |
| **CT Corporation System** ) | |
| **120 S Central Ave.** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Carlos Perkins, through undersigned counsel, and for his cause of action against Defendant United States of America and Defendant Esurance Property & Casualty Insurance Company, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

### *PARTIES*

1. Plaintiff Carlos Perkins resides at 12808 Bright Oaks Ct., Florissant, MO 63033, which is located within St. Louis County, State of Missouri.

2. Defendant, the United States of America ("United States"), is a governmental defendant subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1346(b)(1).

3. Defendant Esurance Property & Casualty Insurance Company ("Esurance") is an insurance company incorporated in the State of Illinois with its principal place of business in Northbrook, Cook County, State of Illinois.

## JURISDICTION & VENUE

4. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

5. On May 23, 2023, Plaintiff presented his claim to the federal agency involved, i.e., the United States Postal Service (USPS). USPS confirmed receipt of the claim on May 26, 2023, assigning it NTC File No. NT202329087.

6. The six-month period for USPS to make final disposition of Plaintiff's claim elapsed on November 26, 2023; but, to date, USPS has neither issued a written denial nor otherwise disposed of Plaintiff's claim.

7. This Court has supplemental jurisdiction over Defendant Esurance pursuant to 28 U.S.C. § 1367(a) because the Federal Tort Claims Act claim against Defendant United States is subject to the original and exclusive jurisdiction of the federal courts, and the claim against Defendant Esurance (Plaintiff's motor vehicle insurer) arises from the same underlying incident.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

## COUNT I – NEGLIGENCE
*(Defendant United States)*

COMES NOW Plaintiff Carlos Perkins, through undersigned counsel, and for Count I of his cause of action against Defendant United States, states as follows:

9. Plaintiff restates and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

10. On the morning of December 20, 2021, Plaintiff was driving his 2015 Chevrolet Equinox northbound in the right-most lane on Interstate Highway 55, at or near the highway's exit ramp onto 3200 S. Broadway (Exit 206B).

11. Interstate Highway 55, at or near the exit ramp onto 3200 S. Broadway (Exit 206B), is an open and public thoroughfare located in St. Louis City, State of Missouri.

12. At all times relevant hereto, Mark Boone was an employee of the United States Postal Service (USPS) and was driving for the benefit of and within the scope of his employment.

13. At all times relevant hereto, Defendant, acting through its employee Mark Boone, had the duty as the operator of a motor vehicle to exercise the highest degree of care for the safety of other persons upon the roadway.

14. At the above-mentioned time and place, Defendant, acting through its employee Mark Boone, was driving a USPS tractor-trailer northbound on Interstate Highway 55 in either the left-most lane (lane 1) or the adjacent lane (lane 2).

15. At the above-mentioned time and place, Defendant, acting through its employee Mark Boone, lost control of its vehicle while attempting to avoid another motorist, causing the USPS tractor-trailer to jackknife across lanes 3 and 4, directly in front of Plaintiff's path of travel.

16. At the above-mentioned time and place, Defendant, acting through its employee Mark Boone, failed to exercise the highest degree of care for the safety of other persons upon the roadway in one or more of the following respects:

    a. Defendant failed to maintain control of its vehicle;

    b. Defendant failed to keep a careful lookout;

      c. Defendant failed to operate its vehicle in a careful and prudent manner;

      d. Defendant failed to stop, slow, slacken its speed, sound its horn and/or swerve to avoid colliding with another vehicle when Defendant knew or should have known there was a danger of collision;

      e. Defendant drove at a speed too fast for conditions;

      f. Defendant's maneuver caused the trailer of its vehicle to swing into Plaintiff's lane; and,

      g. Defendant allowed the trailer of its vehicle to come into contact with the front of Plaintiff's vehicle.

17. As a direct and proximate result of Defendant's carelessness and negligence, by and through its employee Mark Boone, as detailed above, Plaintiff suffered injuries and damages; Plaintiff sustained injuries to his neck, chest, and lower back, as well as garden variety emotional distress; Plaintiff required medical treatment and will require treatment in the future; Plaintiff's ability to work, labor, and enjoy life has been and will be impaired, all to his detriment and damage.

18. As a direct and proximate result of Defendant's carelessness and negligence, by and through its employee Mark Boone, as detailed above, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

19. As a direct and proximate result of Defendant's carelessness and negligence, by and through its employee Mark Boone, as detailed above, Plaintiff sustained monetary damages related to the destruction of his vehicle, a 2015 Chevrolet Equinox, which suffered significant damage in the collision; Plaintiff's vehicle was determined to be a total loss with an estimated total loss value of $12,523.50.

WHEREFORE, Plaintiff Carlos Perkins respectfully prays this Court enter judgment against Defendant United States in an amount that is fair and reasonable in excess of seventy-five thousand dollars ($75,000.00), together with costs incurred herein, and for such further and additional relief as this Court may deem just and proper under the circumstances.

### COUNT II – BREACH OF CONTRACT UNINSURED MOTORIST COVERAGE
*(Defendant Esurance)*

COMES NOW Plaintiff Carlos Perkins, through undersigned counsel, and for Count II of his cause of action against Defendant Esurance, states as follows:

20. Plaintiff restates and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

21. At all relevant times, including during the aforementioned motor vehicle collision on December 20, 2021, Plaintiff was an insured through an automobile policy, PAMO-006019509, issued by Defendant Esurance (hereinafter "the Policy").

22. The Policy was in full force and effect on December 20, 2021.

23. The Policy includes Uninsured Motorist coverage, which provides coverage for injuries and damages to Plaintiff caused by uninsured or unidentified motorists.

24. Under the Policy, Defendant Esurance promises that "[i]n return for payment of the premium . . . [Esurance] will pay compensatory damages that an 'insured' is legally entitled to recover from the 'owner' or operator of an 'uninsured motor vehicle' because of 'bodily injury': (A) Sustained by an 'insured'; and (B) Caused by the operation of an 'uninsured motor vehicle'."

25. Further, the Policy's Uninsured Motorist coverage provision states that "[t]he liability of that 'owner' or operator for these damages must arise out of the ownership, maintenance, or use of the 'uninsured motor vehicle'."

26. Plaintiff paid the premium to Defendant Esurance for said insurance coverage and

the Policy was intended for Plaintiff's benefit.

27. At the time and place of the incident on December 20, 2021, the USPS tractor-trailer driver, Mark Boone, lost control of his vehicle while trying to avoid colliding with an unidentified vehicle and its unidentified driver (hereinafter, the "phantom vehicle").

28. The phantom vehicle left the scene without stopping, was never able to be identified, and failed to produce proof of any active policy of insurance at the time of the December 20, 2021, crash.

29. The phantom vehicle is an "uninsured motor vehicle" pursuant to the terms of the Policy in that the phantom vehicle caused the collision between the USPS tractor-trailer and Plaintiff's vehicle.

30. The Policy on the 2015 Chevrolet Equinox that Plaintiff was operating at the time he was struck provides coverage with Uninsured Motorist coverage limits of $50,000 per person.

31. Plaintiff performed all conditions precedent under the terms of the Policy.

32. Defendant Esurance is obligated to pay Uninsured Motorist benefits to Plaintiff as a result of the December 20, 2021, collision which caused Plaintiff's injuries and damages, including but not limited to his medical bills, pain and suffering, and loss of enjoyment of life.

33. However, on March 24, 2023, Defendant Esurance advised that it would be closing Plaintiff's Uninsured Motorist claim because Esurance purportedly had no Uninsured Motorist Bodily Injury liability exposure due to USPS having no set liability coverage limits.

34. Defendant Esurance has failed to pay Plaintiff in accordance with the terms of Plaintiff's Uninsured Motorist coverage under the Policy.

35. Defendant Esurance's actions or omissions amount to a failure to perform the contractual obligations to Plaintiff under the Policy.

36. Because of Defendant Esurance's failure to pay in accordance with the terms of the Policy's Uninsured Motorist coverage, Defendant's contract obligations were not performed.

37. Defendant Esurance's actions or omissions resulted in a breach of the Policy contract with Plaintiff.

38. As a direct result of Defendant Esurance's failure, Plaintiff has been damaged.

WHEREFORE, Plaintiff Carlos Perkins respectfully prays this Court enter judgment against Defendant Esurance Property & Casualty Insurance Company for the contracted-for amount of Fifty Thousand Dollars ($50,000.00), plus costs incurred herein, and for such further and additional relief as this Court may deem just and proper under the circumstances.

          GOLDBLATT + SINGER

          */s/ Brandon Pierce Rahimi*
          BRANDON PIERCE RAHIMI #71290
          8182 Maryland Ave., Ste. 801
          St. Louis, MO 63105
          (314) 231-4100 – Office
          (314) 241-5078 – Fax
          brahimi@stlinjurylaw.com

          *ATTORNEY FOR PLAINTIFF*